```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY BENNETT,
                        Petitioner,          DECISION AND ORDER
                                             No. 6:11-CV-6566(MAT)
     - vs -

SUP'T DAVID UNGER,

                        Respondent.
_____
```

**I.   Introduction**

Anthony Bennett ("Bennett" or "Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his constitutional rights. Petitioner challenges the November 4, 2009 decision of the New York State Supreme Court, Orleans County, dismissing his state habeas petition contest. In his state habeas petition, Bennett contests the September 14, 1993 decision of the New York State Board of Parole ("Parole Board"), which declared him to be "delinquent" because he violated the terms of his parole by committing new crimes while he was on parole on January 16, 1984, and which extended the maximum expiration date of his sentence as a result of his delinquency. Petitioner is currently incarcerated at Orleans Correctional Facility pursuant to this parole violation and his earlier judgments of conviction, the constitutionality of which he does not contest in this habeas proceeding.

Construing the allegations in Bennett's pro se application with a lenient eye, he appears to assert two claims: (1) the Parole

Board's nine-year delay in filing the final declaration of delinquency violated due process; and (2) the Parole Board's reliance on New York Executive Law § 259-i(3)(d)(iii) in revoking his parole violated the <u>Ex Post Facto</u> Clause of the Constitution because he committed the crimes forming the basis of the parole violation <u>before</u> enactment of the law, although he was convicted of these new crimes after the effective date of the law.

For the reasons that follow, the petition is dismissed as untimely.

**II. Discussion**

Bennett's habeas petition is properly filed under 28 U.S.C. § 2254, <u>see</u> <u>Cook v. N.Y. State Div. of Parole</u>, 321 F.3d 274, 279-80 (2d Cir. 2003). Section 2254 applications are generally subject to the one-year limitations period in 28 U.S.C. § 2244(d)(1). <u>Id.</u> at 280 (citations omitted); <u>see also id.</u> ("The section 2244 time limitation and section 2254 both apply, in identical terms, to 'an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2254(a). It follows that both apply to Cook's section 2254 application.").

In cases such as Bennett's, the applicable start-date is found in 28 U.S.C. § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." <u>Cook</u>, 321 F.3d

at 280. The Second Circuit held in Cook that the "factual predicate" for a petitioner challenging a parole revocation "is the revocation of his parole." Id. (finding that "[t]he limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim . . . could' reasonably have been discovered, i.e., when Cook was notified that the administrative decision to revoke his parole had become final") (ellipsis and alteration in original). Thus, the Second Circuit, stated, "it is not possible for the limitations period on a habeas challenge to parole revocation to expire before parole is revoked; it expires one year thereafter." Id. at 280-81.

In Bennett's case, the Parole Board issued a final declaration of delinquency on September 14, 1993, and the period of limitations began to run on that date. See id., e.g., Strauss v. Yelich, 09 Civ. 0341, 2010 WL 1972781, at *3 (N.D.N.Y. May 17, 2010) (applying Cook); Jackson v. Morrisey, 08 Civ. 029S, 2009 WL 3300259, at *5 (W.D.N.Y. Sept. 27, 2009) (same).

Consequently, Bennett had one year, or until September 14, 1994, to file his federal habeas corpus petition. The instant petition was dated November 3, 2011, and actually filed in this Court on November 16, 2011. With respect to pro se and incarcerated habeas petitioners, the "mailbox rule" applies: the petition is deemed filed on the date it is given to correctional authorities for mailing to the court which, in this case, was November 3, 2011.

Noble v. Kelly, 246 F.3d 93 (2d Cir.), cert. denied, 534 U.S. 886 (2001) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Clearly, Bennett's petition is untimely, having been filed over 17 years after the statute of limitations expired.

Title 28, Section 2244(d) provides that the limitations period is tolled in "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). Here, however, Bennett filed a state habeas petition on November 4, 2009, over 15 years after the statute of limitations period had expired on September 14, 1994. Therefore, his state habeas petition does not afford him the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2). See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be . . . pending during the tolling period."); Smith v. McGinnis, 208 F.3d 13, 16-17 & n.2 (2d Cir. 2000) (holding that a state collateral proceeding filed after the one-year limitations period has already expired does not "reset" the start of the limitations period).

Petitioner suggests that he should be entitled to some form of tolling because he supposedly he did not receive notice of the final declaration of parole delinquency until some time in 2003, when he filed a Freedom of Information Law ("FOIL") request. See Petition, ¶ 12 at 5 (Dkt. #1). Assuming for the sake of argument

that Bennett did not receive notice of the final declaration of delinquency until after he filed a FOIL request at some unspecified time in 2003, and thus was unaware of the factual predicate for his claims until that time, Petitioner would have had a year after the date in 2003 on which he received notice via the answer to his FOIL request (or until December 31, 2004, at the latest) to file his federal habeas corpus petition. He did not file his federal petition until November 3, 2011, as noted above. Moreover, his state habeas petition could not have tolled the limitation period, as the state petition was filed on November 4, 2009, well after the limitations period had expired. Fernandez v. Artuz, 402 F.3d at 116. Thus, Petitioner's federal habeas petition is untimely, even using a predicate date of sometime in 2003.

To qualify for equitable tolling of the limitations period, a habeas petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). An extraordinary circumstance is one that is beyond the control of the petitioner and that has made it impossible for him to file a timely petition. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and

the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Although entitled to do so, Bennett did not file a traverse in response to Respondent's assertion of the untimeliness defense. Bennett has not claimed equitable tolling is warranted in his case, and he has not attempted to demonstrate any extraordinary circumstance that might give rise to such a claim. Smaldone v. Senkowski, 273 F.3d at 138. Because Bennett has offered no explanation for his failure to bring his claims within the habeas statute's limitations period, he cannot sustain his burden of establishing that this Court should exercise its discretion to equitably toll the statute of limitations. See Pace v. DiGuglielmo, 544 U.S. at 419 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.") (citations omitted).

Because Bennett filed his federal habeas petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.

**III. Conclusion**

For the reasons discussed above, the petition (Dkt. #1) filed by Anthony Bennett is dismissed as untimely. Because jurists of

reason would not find it debatable whether this Court was correct in its procedural ruling and because the petition does not involve constitutional claims that would be debatable to jurists of reason, as would warrant grant of certificate of appealability following dismissal of petition on procedural ground of untimeliness, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); see also Matias v. Artuz, 8 Fed. Appx. 9, 11, 2001 WL 300543, at **3 (2d Cir. Mar. 27, 2001) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    September 18, 2012
          Rochester, New York.